Now call the case of it's number 1914668 Belevich versus Thomas. We have Mr Bingham for the appellant, and Miss Blair for the appellee Mr Bingham I see you've reserved five minutes for rebuttal. You may begin when you're ready. Good morning, your honors, Lisa quarter. This, I believe, will be a case of first impression with the court as regards equity and the argument is that the IH 64 contract and a form used by immigration for a sponsorship agreement. Does it preclude equity. If the court finds that it does not we would ask that it be remanded for equitable considerations at the district court. The brief history of the case is that prior to the appellee filing a private right of action. He was restrained by a protection from abuse order from entering the house of his wife, Miss. Miss Thomas is Miss cushy just daughter and was a co sponsor on that contract with the government. Look, I'll say, I mean, I think we probably know the factual background of the case. The question I have is the CFR says a sponsor's obligations are going to terminate under certain conditions. One citizenship to if he's working or has sufficient coverage or social security act three ceases to hold the status of lawfully admitted permanent residents alien leaves for there's a removal proceeding or death. And given that's what the CFR says, how can we read into that sort of equitable reasons why there might be a termination. Good question. And I don't believe that the court needs to read that into a typically a government statute. If it doesn't preclude equity is not going to include equity as part of the contract, nor any contract, for that matter. And if that answers the question, I guess, I guess, in this case, though, you know, you really have a third party involved in this contract, right, it's not just between the sponsor of the alien and the alien. It's also kind of the United States government is also really a party to the contract because the United States has an interest in ensuring that this alien doesn't become a public charge. Given that the United States has said these are the circumstances under which this contract is over with in the CFR. It seems sort of, I would get your case normally where you would say look, it doesn't necessarily preclude that by not including it but here. It seems like that's different because the United States has such an interest in this contractual relationship, what do you say about that. Good point. And there's a case that counts for the appellee presented last night, where there is a public policy argument that because it's the United States government, that the inclusion of equity would would inure to the detriment of the public at large. That's what the argument has been all along and it is in fact a contract between two sponsors in the government with Mr. Belovitch having a private right of action. And the case that Council presented provides an interesting roadmap now this was a district court case that found that the affirmative defenses that we raised of unclean hands and a sample were precluded, but they were precluded on a 12 v six motion, because there was not a factual basis for the claims, and that's been the case in every district court case that has brought an action on the six for that. The, there's not a factual underpinning unless there's divorce here and divorce is specifically precluded on the eight six four. However, this is different, because in this case. Miss Thomas, and Miss Kusnica by virtue of the restraining order. Mr Belovitch the appellee could not come back into the home. And I think, and based on the, on the acts that form the basis for that PFA and then of course he was arrested several years later prior to the court case and district court for a felony charge of sexual abuse and child pornography. And of course, this was with respect to Mrs Thomas's daughter 12 year old and Mrs Kusnica's granddaughter. That case that I was mentioning that was presented to the court last night is asking me, and it provides a pretty good roadmap and actually, I think supports our contention. One because it was a holding on a 12 v six without a factual underpinning and of course says that, but also they provided a roadmap. Those district court cases that had denied equitable claims and. So what do we make of. So, Judge Brasher asked you about the the termination language in the regulation, which also is in the contract and similar to in the statute, but that's not really the only language that that's in the, the regulation. What can, can, can the sponsor ever disavow the obligation to provide for the intended immigrant for the, for the person who's here. Not according to the, either the statute and contract and you're right they pretty much replicate each other. Right. So no, no, there's no equitable reason, which would allow someone to disavow under the regulation, correct. That's correct. How about if, if, if it does terminate. What about the obligations that accrued before termination. Can those ever be disavowed, but under anything under any principle whatsoever. Yeah, I know the, the answer to that, I would. My legal opinion would be that, that if equity is not precluded in a government contract and this court has is held has many holdings that if a contract doesn't preclude equity, equity is allowed. What I'm looking at, I'm looking at the right the relevant regulation the same one just brush rest you about this is subsection E subsection three, the termination of the sponsors obligation under the affidavit of support does not relieve the sponsor substitute sponsor joint sponsor or household member of any reimbursement obligation under the regulations are under this act that accrued before the support obligation terminate. So, how, if I guess my question is, if it lists the exclusive ways to terminate says that it cannot be disavowed at all, other than termination, and that even after termination, anything that accrued beforehand cannot be disavowed and must be paid. How can we read in with that framework, any, anything other than what specifically in the regulation and the contract. Well, if it has not been paid. In other words, it would be a retroactive payment prior to bad acts. I believe equity equitable principles should not a ruling on equity should not force the payment, because again, it's always going to generally speaking when they went to trial they can only they can only sue for what has already happened what has not been paid. They can't sue for future payments. So we're always going to be in that position of retroactivity. Yes, sir. Right. And so, and the regulation seems to suggest that that termination does not relieve and doesn't give any exceptions for for for having to pay those those obligations. Right. I agree, but it goes on and then it specifically says this includes divorce and this is not. Now, the regulation no but the, the contract that has to turn that test determination I'm not talking about that I'm talking about the accrual of of support obligations. So, even, even if you could have terminated the regulation suggests that those things accrue and and must be paid. Right. It does, but I think, pursuant to our equitable arguments. We're asking that any retroactive active payments which they'll always be retroactive because you can't sue for future payments. The retroactivity there is always going to be extent, but if a private party, the private right to sue. In effect, creates a situation where fulfillment of the contract is impossible. Maybe impossible to start over. Just prior Can I ask one more question. You may. Thank you so much. The, I want to go to the statute and ask you about one last provision. This is 1183 a, and this is subsection a subsection to its entitled period of enforceability and and the statute says an affidavit of support shall be enforceable before either, and it gives two things. The date the alien is naturalized, or the earlier of termination, or if earlier termination. So, how can we say that that it's not enforceable for any reason, other than those two things that are specifically listed in the statute as the basis for enforceability, because of this court's line of cases regarding one contract and equitable relief the contract does not preclude equitable and nowhere in the judge in his opinion, this was provided last night by Council states that that nowhere in the statute or the contract. Is there a preclusion of equitable relief. Yes. I understand. Thank you, counsel. There's Blair. Good morning and may it please the court. Elizabeth Blair here along with my co counsel Ross kinder, we represent the plaintiff aptly in this case Valentine Belovitch. As a preliminary matter your honors we do not believe this issue is properly before the court. The defendants wave the issue of equitable defenses by failing to raise them on summary judgment, which is when liability was decided. Although defendants raised the issue in an oral motion the morning of trial, which, by the way, was after the court's deadline for motions and lemony. It was too late at that point in the case the only issue remaining for trial was the limited factual determination regarding the income of Belovitch in the year 2018 and the year 2019 defendants equitable defenses were irrelevant to that issue. Under Lynn versus United Parcel Service, this court has held that in order branding summary judgment on certain issues is a judgment on those issues. I'll tell you, I'll tell you, I'll tell you Miss Blair, from my perspective, I'd much prefer you get to the substance. I think it was preserved here I think they between the arguments that were raised in the motion for protective order, the arguments that that your clients negligence was the reason why summary judgment should be denied the they then asked to vacate the summary judgment, because of intentional conduct by your client. And then, at the very least, if we get past summary judgment gets to trial they asked to present these a trial, and the court said no you can't and you preserve this issue at the very least we have a trial error even if there's no summary judgment I just think it's preserved so I'd much rather hear your, your argument on the merits. Let me just say that, that I think the district courts position is well taken here, and the position that you've advocated, but I want to point you to one part of the statute that gives me a little bit of pause. And that is again section 1183 a the one that we've been talking about, and it is subsection C of that statute, and it's entitled remedies, and that statute says remedies available to enforce an affidavit of support under this section include it lists a bunch of things, and include corresponding, I'm sorry. Yeah, and include corresponding remedies available under state law. That that's sort of the end of it there. That's certainly the one that you've availed yourself here you brought a state law breach of contract action and a state law you originally brought an outrageous conduct or or I ID claim that's now gone by the wayside. If we're talking about remedies the corresponding remedies available under state law, and you've availed yourself of that rightfully by bringing that in federal court. Does that not bring with it all the parts of that remedy, which would include not just the cause of action, but any defenses to that cause of action. No, Your Honor, because, including equitable defenses would defeat the purpose of statute. It goes against the legislative intent to prevent an alien from becoming a public charge. If you'll notice the terminating conditions that are listed specifically in the statute and then also in the regulations. All of them prevent the alien from becoming a public charge, or a non citizen from becoming a public charge you got the 10 years of work requirement, or leaving the country and giving up your status or being deported, or a new affidavit of support being issued that replaces you're telling me there's no circumstances no equitable circumstances at all ever, and Congress intended that there be none of that that's what you're saying when you say that public intent. So let me give you a hypothetical. Imagine for a moment and this is awful I would hope that this never ever happens but let's assume for the moment that someone meet somebody online develops a relationships with with them intends on getting married gets engaged and brings in a files a fiance visa and files one of these affidavits support so they don't become a public charge for that person. And then when the person comes over here. But before marriage there's a horrible sexual assault that that takes place by the person who's coming in to the person who signed the affidavit. Are we to expect that that person who was sexually assaulted has to support that person for the entire time that they are in the country, even when they are in custody of that even when they are in custody and ready to be deported, simply because they have not yet been deported, and they have not yet been terminated from any sort of relief that's been given there that that is not an equitable circumstance that's covered here. No, Your Honor. That that is not because of the purpose of the statute, when someone signs an affidavit of support. They are accepting both the risk and the responsibility for that alien. And it was Congress's intent to put the risk of having this person in the country on the sponsor, the person who has voluntarily agreed to accept that risk, rather than the taxpayers and the public at large. So the federal government can also bring one of these plans right I mean the government, if it did have to support the alien could also bring a lawsuit against the individual who had signed the affidavit right for reimbursement of the federal government's where someone was in custody. It is possible that a court can look at the support being provided by the government in that situation, food, shelter, and determine that their support is over the poverty guidelines, and that would relieve the person from providing any support under the affidavit. But if there's any possibility that the non citizen could become a public charge. That was the point of this statute that was the point of this amendment was to make sure that they do not become a public charge and that the responsibility for that support in any risk of what that person may do, and having still having to provide that support falls on the sponsor who signed the agreement voluntarily versus the public at large. Your Honors. The 64 affidavits are to put the central district of California, a special breed of contracts, they're governed not only by the affidavit language but as we've just been discussing the underlying statute and regulations. If we look at statutory interpretation and canons of construction. The plain language of the underlying statute says the only the current, the only way that someone can get out of the obligation under the affidavit is the occurrence of one of those listed terminating events. As we've been discussing. It also goes to the legislative intent and statutory explicitly included any other events. Why bother listing the divorce issue. That's not listed in the statute or the regulations. All the cases have been clear that the contract includes the, the language in the form. You're right that it also incorporates and the statute and the underlying regulatory framework but the language of what signed is relevant here. And here the for whatever reason immigration officials went out of their way to highlight and even bold that that divorce is not a basis to terminate. Doesn't that indicate that there are other non listed equitable basis to terminate. No, Your Honor. It does not. For example, let's say that there's a sign that says no dogs allowed. That does not imply that tigers are allowed. It's simply a notice to the public of the most common type of animal that people try to bring in is a dog so saying no dogs allowed is simply informing the public. On the other hand, a sign that says small dogs allowed implies that large dogs are not allowed and that's the negative implication cannon which is what you're talking about here is a is a scary one and one that were directed to handle very carefully, because they're that doesn't mean you can go in, in your underwear but with socks and shoes right. Right, right. So, it's not enough just to say that, that means it covers everything right and other covers other stuff that is within common sense and reason, correct. Well, the difference here Your Honor is that you've got these five included terminating events, and it's simply also a notice that that one is not an additional terminating event so that's a little bit different. It's not, I have to say that's an odd framework I mean, in some ways, that really cuts against the negative implication cannon, because I, I tend to agree with you with that where a sign is really specific about the things that that you can't do this but for these five things. That's pretty specific and we should apply the cannon, but then you really undermine that when you say, well one of these things that's not listed you can't do, because that seems to indicate that maybe there are some things that are not listed that you can do. Well, Your Honor, it was not included in the original affidavit. It just happened to be that that particular issue the issue of divorce started flooding the courts with these types of cases. And so, after 2001, the USC is actually amended the affidavit to put that notice, just to inform people that that's how the courts had held on that issue. And because it was so common, just making sure that people really knew what they were signing. It was not any sort of addition that was supposed to give an indication of Congress's intent in any way. Your Honors, in addition to what while we're on the subject of plain language and intent and interpreting contract, I do also want to point out that of all the federal courts who have had an opportunity to review these types of cases, and has had this that the only terminating events, the only way you get out of the obligations under the contract are if one of the five listed events happens, or of course, the sponsor dies. And that includes the two circuit courts of appeals cases, the Seventh Circuit and the Ninth Circuit have had an opportunity to weigh in on this, and both have reached the same conclusion. And Mr. Bingham pointed out that we did submit a supplemental authority yesterday and it was a new case that just came down in July from the Middle District of North Carolina. That court also had the opportunity to address this specific issue and agreed with the same reasoning that all the other courts have as well. I did want to say, Mr. Bingham stated that the case Asolano v. Asolano made a decision based on facts and not the law that we've talked about, but that's inaccurate. On page six of that case, they state the court is persuaded by the reasoning of the courts that have found that traditional contract defenses do not apply here, holding otherwise would undermine the purpose of the statute and regulations. Next. The Supreme Court and this court has specifically held that equitable doctrines should not be applied where their application will defeat the purpose of the statute. That is a quote from Mitchell Brothers Film Group v. Cinema Adult Theater, which was a 1979 Fifth Circuit case, which was of course adopted by this court, and they list several Supreme Court cases that agree with that doctrine. Defendants actually concede this point with the case law that they quote. Although the cases they reference discuss equitable remedies rather than equitable defenses, even those cases note that a court's equitable powers are limited by the language and purpose of any underlying statute. In this case, the list of terminating events, along with the state of purpose of the statute, foreclosed the availability of equitable defenses in this case. It's also just a just a fact question, which I'm curious about what's going on with your client right now. I understand that he's being prosecuted as he'd be deported. Just what's the status of him. The allegations have been made charges have been filed, he is awaiting trial so there has been no conviction. And of course he's presumed innocent under the Constitution, even non citizens have that right under the Constitution. So at this point he is presumed innocent. If there happened to be a conviction in the future, then that would trigger. That would actually because these are aggravated felonies, it would be a mandatory triggering of deportation, nothing happened so far that would trigger deportation I guess is some aspect. But they still have to support him until he's actually deported right. Yes, Your Honor. Right. My experience that takes a little while right. Well, the stated statute for aggravated felonies gives an expedited way to deport people who are actually convicted of aggravated felony so it would be a little faster if that was the case. And as I mentioned before, it is not an issue here but it is possible that courts would decide that the public benefits that he was getting one custody, food and shelter, medical care that that might be considered sufficient income that would relieve the sponsors from their obligations under the contract in that particular case. Well, if I represented the government that was providing those benefits. I would consider whether I had a right to sue the sponsor to recoup those benefits. Let me ask you one last question. I mean, it strikes me if we were going to say they were equitable defenses here. It seems like one line we could draw would be that you would only have equitable defenses to the extent that what you're complaining about would be a deportable issue. Does that make this, what do you think about that line so so for example, you know, typical state equity offenses may not occur obviously divorce is not one for example. But if you said look what he what this person I'm sponsoring did rises to the level where the United States of America is going to deport this person. Would that make sense as a line to draw, given the way the statute works. I don't think it would be a good line your honor, just based on an allegation. We would need to have, because the presumption of innocence, actual. Oh yes, you'd have to have a trial on it right i mean i don't know that you'd have to have a criminal trial you could have this kind of, it could be raised as a defense this contract action I guess my point is, isn't that something you could do consistent with the statutory scheme that says look, if this person is under the eyes of the United States as someone who should be deported and removed because of what they've done. Then the sponsor doesn't have to continue paying for their support. Well that is actually one of the terminating events, if the immigrant is found to be deportable and deported, then that does actually relieve the sponsor from their obligations under that, which would indicate that it wouldn't be a separate equitable reason they would have to be a statutory. Yes, your honor. Mr Bingham, you have five minutes for rebuttal. Thank you. Let me point out first the Supreme Court case that council cited regarding the statute and equitable defenses. Here we have a very asymmetric situation. In the Supreme Court case, there was not a separate contract, as opposed to just the direct violation of a statute. Here we have a contract between the government and a sponsors with a third party right of action. So that contract, that's what the statute does, is puts the contract out there with the requirements in the contract. That contract is, from my way of thinking, not subject to interpretation, because it's plain on its face. So we wouldn't look behind it, and therefore that contract does not preclude equitable remedies, and equitable remedies should apply. And I enjoy the examples given by the court and council. Of course, those weren't contract issues. Those were statutory issues. And in this case, the statute provides for a contract. And that contract is essentially to a third party. So, for example, I'll use an example. If I ask somebody to paint my home, and I will only pay them upon the completion of painting my home $500, and they come and throw a bucket of paint on the home and claim that it's been painted. Well, in Alabama, of course, that could be argued as a matter of work and labor done, and we didn't pay. But I think the courts and the federal courts as well would apply the doctrine of unclean hands. Here, if somebody is aggravated because of an action, they have precipitated. And here, even before we get to the criminal matter, criminal matters, as pointed out, Mr. Belovitch violated the protection from abuse order on two occasions prior to bringing the private right of action. Is it fair to throw that bucket of paint and then sue based on having painted the house. And I think the court brings up an interesting matter when we have divorce annotated. Well, it was annotated prior to the inception of this contract. So that's the contract language, the sponsors read. And again, if that's the contract you're presented with, and divorce is one of the events that will not terminate the contract specifically stated. I think it opens the door to other types of actions in equity, just based on statutory construction. The case that was presented last night. And I think the district court judge in the middle district of North Carolina did a good job. And he states and I'm quoting from the case, a handful of courts, and these are district courts have touched on the question whether the fraudulent inducement fraudulent inducement and we're not claiming fraudulent inducement here but we're talking about an equitable cousin is a viable defense to a night six for enforcement action, but all those cases appear to have been resolved, based on a lack of evidence of fraud in the instant case. Miss Thomas and Miss cruising so we're prevented from having a day or on these issues, and these issues involve presentations to the district court with a factual basis, both from a documentary perspective. I really appreciate y'all hearing us today, and I see that I'm out of time, and thank you so much. Thank you, Council.